IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH - CENTRAL DIVISION

| | |
|---|---|
| WORLD SPORTS PRODUCTS, INC., d/b/a TREND SPORTS, a Nevada corporation,<br><br>       Plaintiff,<br><br>v.<br><br>THE JUGS COMPANY, an Oregon corporation, and JUGS, INC., an Oregon corporation,<br><br>       Defendants.<br><br>JUGS, INC., an Oregon corporation,<br><br>       Counterclaimant,<br><br>v.<br><br>WORLD SPORTS PRODUCTS, INC., d/b/a TREND SPORTS, a Nevada corporation, and WILLIAM COLE LAY, an individual,<br><br>       Counterclaim Defendants. | **ORDER**<br><br>Case No. 2:08-CV-00173<br><br>Judge Dee Benson |

   This matter is before the court on Defendant Jugs Company and Defendant/Counterclaimant Jugs, Inc.'s ("Jugs") motion to consolidate and Plaintiff/Counterclaim Defendant World Sports, Inc., d/b/a Trend Sports and Counterclaim Defendant William Cole Lay's ("Trend") motion to dismiss and request under Federal Rule of Civil Procedure 68.  The court has considered the law and facts relating to the motions and issues the following Order.

BACKGROUND

Trend and Jugs are manufacturers of sports related equipment.  At issue in this dispute is U.S. Patent No. 6,739,325 ("'325 patent"), which issued on May 24, 2004 and is directed to a ball-throwing machine.  Kerry Paulsen is the named inventor on the '325 patent.  Jugs Inc. is the named assignee on the '325 patent.  On March 4, 2008, Trend filed the present action seeking a declaratory judgment that Trend does not infringe the '325 patent and that the '325 patent is invalid.  On August 13, 2008, Jugs answered Trend's complaint and asserted a counterclaim for infringement of the '325 patent.  At that time, Jugs and Mr. Paulsen claimed to have understood that Mr. Paulsen had assigned the '325 patent to Jugs and that Jugs was the sole owner.  However, during discovery Jugs was unable to produce a written assignment to evidence that it owned the '325 patent at the time it filed its counterclaim.

On March 30, 2009, Trend offered to allow entry of judgment pursuant to Federal Rule of Civil Procedure 68.  In the offer, Trend offered judgment in favor of Jugs against Trend in the lump sum of $20,000.  Trend also wanted a judgment of non-infringement of the '325 patent by any of the present or past products of Trend and Trend would not admit to the validity of the '325 patent.  Jugs declined the offer by acquiescence.

On May 22, 2009, Mr. Paulsen executed a quitclaim assignment that transferred to Jugs Sports, Inc. any interest he had in the '325 patent and any preexisting and future causes of action related thereto.  Jugs recorded the quitclaim assignment in the United States Patent and Trademark Office and then brought a second action, *Jugs Sports, Inc. v. World Sports Products, Inc. d/b/a Trend Sports, et al.,* Case No. 2:09-cv-553, on June 19, 2009 to "cure any arguable defect in standing with its counterclaim."  (Dkt. No. 48, Jugs' Resp. to Pl.'s Mot. to Dismiss Counterclaim at 2.)

On July 9, 2009, Jugs filed a motion to consolidate the present action and the second action.  On July 23, 2009, Trend filed a motion to dismiss Jugs' counterclaim in the present action for lack of standing and requested costs under Federal Rule of Civil Procedure 68.

## DISCUSSION

### 1. Motion to Consolidate

Both parties agree that the present action and the second action should be consolidated. The only issue is what additional discovery the court should grant.  Trend argues that it should be allowed additional discovery to pursue at least the issues of inequitable conduct, damages, laches, and the chain of title of the '325 patent.  Jugs stipulates to additional discovery, but only if discovery is limited to the ownership of the '325 patent because it is arguably the only fact that differs between the present action and the second action.

Federal Rule of Civil Procedure 26(b) provides that "the court may order discovery of any matter relevant to the subject matter involved in the action."  Fed. R. Civ. P. 26(b)(1).  But, "the court must limit the frequency or extent of discovery . . . if it determines that (i) the discovery sought is unreasonably cumulative or duplicative . . . [or] (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action."  Fed. R. Civ. P. 26(b)(2)(C).  Besides issues relating to ownership of the '325 patent, both parties have had ample opportunity to obtain information by discovery.  Therefore, the court grants Jugs' motion to consolidate and allows additional discovery limited to (1) the chain of title for the '325 patent and (2) damages.

### 2. Motion to Dismiss Counterclaim

Trend moves the court to dismiss Jugs' counterclaim in the present action with prejudice because Jugs allegedly lacked standing when it filed its counterclaim.  Jugs is willing to stipulate

to a dismissal of its counterclaim, but only without prejudice. Jugs argues that its counterclaim should be dismissed without prejudice because a standing-related dismissal is not an adjudication on the merits.

In a patent case, when determining whether a dismissal should be with or without prejudice, the law of the pertinent regional circuit applies. *See H.R. Technologies, Inc. v. Astechnologies, Inc.*, 275 F.3d 1378, 1384 (Fed. Cir. 2002). The United States Court of Appeals for the Tenth Circuit has held that dismissal for lack of standing must be without prejudice. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216–19 (10th Cir. 2006)(holding inability of litigant to establish standing does not justify dismissal with prejudice because the court lacks jurisdiction to make a determination on the merits of the complaint). Thus, Jugs' counterclaim is dismissed without prejudice.

As part of Trend's motion to dismiss, Trend asks the court for an award of costs incurred from the date of Trend's proposed offer of judgment. Pursuant to Federal Rule of Civil Procedure 68(d), if the judgment that Jugs finally obtains is not more favorable than Trend's unaccepted offer, Jugs must pay Trend its costs incurred after the offer was made. *See* Fed. R. Civ. P. 68(d). Trend argues that is it entitled to costs because Trend's offer of $20,000 was more favorable than the dismissal of Jugs' counterclaim. Jugs argues that Trend's offer was not more favorable because Trend's proposed finding of non-infringement would result in industry losses much greater than the $20,000.

The only issue before the court is whether an offer for $20,000, plus a judgment of non-infringement and no admission as to the validity of the '325 patent is "more favorable" than Jugs' dismissed counterclaim. The court finds Trend's proposed offer was not more favorable than the dismissal of Jug's counterclaim because the industry wide consequences of Trend's

proposed finding of non-infringement could have exceeded Trend's $20,000 cash offer.  Hence, the court denies Trend's request for costs under Federal Rule of Civil Procedure 68.

## CONCLUSION

For the foregoing reasons, Jugs' motion to consolidate is GRANTED.  The court grants the parties leave to conduct additional discovery limited to the chain of title to the '325 patent and damages.  The additional discovery is ordered to be completed by January 23, 2010.

Trend's motion to dismiss is GRANTED IN PART and DENIED IN PART.  Jugs counterclaim is dismissed without prejudice and Trend's request for costs pursuant to Federal Rule of Civil Procedure 68 is denied.

IT IS SO ORDERED.


DATED this 25th day of November, 2009.

                                                        Dee Benson
                                                        United States District Judge